# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TOMMIE FULLER,** ) | Case No. 1:06 CV 2093 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER RE: MOTION TO** |
| **CUYAHOGA METROPOLITAN** ) | **DISMISS OF DEFENDANTS CMHA,** |
| **HOUSING AUTH., et al.,** ) | **BURDYSHAW, HARRIS, JAKUB** |
| ) | **and JACKSON** |
| Defendants. ) | |

Before the Court is the Motion to Dismiss of Defendants Cuyahoga Metropolitan Housing Authority ("CMHA"), Thomas Burdyshaw, James Harris, Christopher Jakub and Anthony Jackson ("Defendants' Motion") (**ECF Nos. 11 and 15**).[1] By motion, these defendants asked the Court to dismiss all federal and state-law claims filed against them. On January 25, 2007, the Court issued a Memorandum of Opinion and Order ruling on all claims except Counts 3 and 4 ("January 25, 2007 Order"). (ECF No. 31.) The Court directed Plaintiff Tommie Fuller to file a brief showing cause why Counts 3 and 4 should not be dismissed with prejudice as time-barred. (Id. at 9.) The Court has now reviewed Fuller's brief, Defendants' response and Fuller's reply. (Respectively, ECF Nos. 35, 36 and 38.) For the following reasons, Defendants' Motion is **GRANTED** as to Counts 3 and 4.

---

[1] ECF No. 11 is actually termed "Motion to Dismiss of CMHA, Thomas Burdyshaw, and James Harris." ECF No. 15 is termed "Motion to Dismiss of Christopher Jakub and Anthony Jackson"– a motion in which Jakub and Jackson asked to be joined in the earlier-filed motion of Defendants CMHA, Burdyshaw and Harris. Accordingly, the Court is treating the two motions as one.

**I.**

The pertinent <u>factual</u> background of Fuller's case is described in detail in the Court's previous Order. (See ECF No. 31, 1-6.) The question for resolution in the instant Order is whether Fuller's claims in Counts 3 and 4 are saved by the Ohio Savings Statute. The proper answer to that question, in turn, requires close scrutiny of the <u>procedural</u> background of Fuller's case.

On January 3, 2005, Fuller filed a lawsuit against Defendants CMHA, the CMHA Police Department, CMHA Detective Burdyshaw, CMHA Chief of Police Jackson, CMHA Police Officer Harris, CMHA Sgt. Jakub, and John Doe CMHA Employees 1-20. (Case No. 1:05-cv-9 ("**First Case**"), ECF No. 1.)[2] Based on the events of January 3, 2003 when Burdyshaw and Harris arrested Fuller, and thereafter, the complaint alleged federal claims under 42 U.S.C. § 1983 for use of excessive force and unreasonable search and seizure, and under 42 U.S.C. § 1985 for conspiracy to deprive Fuller of equal protection of the law based on his race. Fuller also alleged state claims for intentional infliction of emotional distress ("IIED") under O.R.C. § 2305.09(D), and negligent hiring, retention, training and supervision under O.R.C. § 2305.10.

Defendants filed a Joint Answer on January 21, 2005 (First Case, ECF No. 7), after which Fuller filed a motion for leave to file a first amended complaint on February 28, 2005 (id., ECF No. 19). In the proposed first amended complaint, Fuller alleged three additional § 1983 claims – an equal protection claim, a due process claim, and a claim for "deprivation of

---

[2] On February 25, 2005, the Court dismissed the Police Department because it was not a legal entity capable of being sued in its own right. (First Case, ECF No. 17.)

-2-

right to liberty, health, safety, privacy, and welfare." (Id., ECF No. 19.) At a teleconference held on April 18, 2005, Fuller's counsel informed the Court that she would like to withdraw the motion she had filed for leave to file a first amended complaint, and that she would like permission to file a second amended complaint that included a § 1983 due process claim and a state-law malicious prosecution claim. The Court granted her request to withdraw the motion for leave to file an amended complaint (see id., ECF No. 22), and told her that he would grant her proposed motion for leave to file a second amended complaint. However, counsel never filed a second amended complaint that included these claims, and the parties agreed to a dismissal of the case without prejudice on August 30, 2005. (Id., ECF No. 32.)

On August 30, 2006, Fuller filed the instant complaint against the same defendants plus the CMHA Board of Commissioners and CMHA Executive Director George Phillips. (Case No. 1:06 CV 2093 ("**Second Case**"), ECF No. 1.) The complaint alleges federal claims against Defendants in their official and individual capacities under § 1983 for use of excessive force (Count 1), unreasonable search and seizure (Count 2), deprivation of right to due process (Count 3), deprivation of right to liberty, health, safety, privacy and welfare (Count 4) and a federal claim under § 1985 for conspiracy to violate Fuller's constitutional rights (Count 5). (Second Case, ECF No. 1.) The complaint further alleges state tort claims against Defendants in their official and individual capacities for IIED (Count 6), negligent hiring and retention (Count 7), negligent training and supervision (Count 8) and malicious prosecution (Count 9). (Id.) The Court dismissed with prejudice the claims against Defendants George Phillips and the CMHA Board in memoranda of opinion issued on January 12, 2007. (See id., ECF Nos. 28, 29.) As these Defendants were not named in the First Case, the Court held, *inter*

-3-

*alia*, that the statutes of limitations applicable to the claims against them had all expired. (See id.) In the subsequent January 25, 2007 Order, the Court dismissed with prejudice Fuller's IIED claim and malicious prosecution claims (respectively, Counts 6 and 9) against the remaining defendants; held in abeyance its ruling on the negligent hiring and retention claim, the negligent training and supervision claim, and the federal conspiracy claim (respectively, Counts 8, 7 and 5); and denied the remaining defendants' motion with respect to the federal excessive force and unreasonable search and seizure claims (respectively, Counts 1 and 2). (See id., ECF No. 31.) Consequently, the only claims remaining for the Court's review at this time are the claims articulated in Counts 3 and 4 (respectively, the claim for deprivation of right to due process, and the claim for deprivation of right to liberty, health, safety, privacy and welfare).

## II.

This Court has jurisdiction over Fuller's federal claims under 28 U.S.C. § 1331. Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing the sufficiency of a complaint, courts must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In other words, the purpose of a motion under Fed.R.Civ.P. 12(b)(6) is to test the formal sufficiency of plaintiff's claims for relief, not to resolve contested facts or rule upon the merits of the case. *Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 519 (S.D. Ohio 1995). Therefore, "on a Fed.R.Civ.P. 12(b)(6) motion . . . the complaint is construed liberally in favor of the party opposing the motion." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A complaint must

contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Allard v. Seitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993).

### III.

The statute of limitations for filing a federal §1983 claim is determined by state law; in Ohio, the period is two years. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (borrowing from most closely analogous state limitation statute, O.R.C. § 2305.10); *Easterly v. Budd*, No. 4:06 CV 186, 2006 WL 2404143 at n.6 (N.D. Ohio Aug. 18, 2006). Ohio's savings statute, O.R.C. § 2305.19, allows a plaintiff who voluntarily dismisses a claim after the statute of limitations has run to refile the action within one year of the dismissal. The Sixth Circuit has explained that the savings statute generally applies to §1983 claims such as Fuller's. *See, e.g.*, *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. September 2, 2005) (*citing Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 483 (1980)). *See also*, *Harris v. Canton*, 725 F.2d 371, 375 (6th Cir. 1984).[3]

By definition, the savings statute does not apply to claims brought in the Second Case that were not part of the First Case. *Stone v. North Star Steel Co.*, 152 Ohio App.3d 29, 34 (Ohio App. 7 Dist. 2003) (citing *Children's Hosp. v. Ohio Dep't of Pub. Welfare*, 69 Ohio St.2d 523 (1982)). The savings statute does apply to save Fuller's claims otherwise barred by the statute of limitations when the First Case and the Second case are "substantially similar." *See*

---

[3] Defendants' reliance on *Bowles v. Cleveland*, 129 Fed. Appx. 239, 243 (6th Cir. April 25, 2005) to support its position that the Ohio savings statute does not apply to federal civil rights cases is unavailing. Although the panel in *Bowles* stated that "there is no savings statute" as to the § 1983 claims asserted in that case, it is an unpublished opinion that directly contradicts published Sixth Circuit authority issued both before (i.e., *Harris v. Canton*) and after (i.e., *Harris v. United States*) the *Bowles* decision.

*Fiske v. U.S. Health Corp. of Southern Ohio*, 2005 Ohio 1295, P19 (Ohio App. 4 Dist. 2005) (citing *Children's Hosp.*, 69 Ohio St. 2d at 525; *Stone*, 152 Ohio App.3d at P14).  Ohio courts have held that whether a new action is substantially similar to an original action for purposes of the savings statute "turns on whether the original complaint and the new complaint contain similar factual allegations so that it can reasonably be said that the party or parties were put on fair notice of the type of claims that could be asserted."  *Fiske*, 2005 Ohio 1295, P19 (listing cases, including *Stone*, 152 Ohio App.3d at P15 (a new complaint is substantially the same as the original complaint for purposes of the savings statute when the new complaint differs only to the extent it adds new recovery theories based upon the same factual occurrences stated in the original complaint)).

Fuller argues that his claims in Counts 3 and 4 are "merely alternative theories of recovery based upon the same facts as those plead in the first complaint."  (ECF No. 35, 4.)  Fuller also contends that Paragraph 29 of his initial complaint was sufficient to put Defendants CMHA, Jakub and Jackson on notice that Fuller might bring due process violation claims against them.  (Id.)  The Court finds Fuller's arguments unavailing.

By the Court's calculation, Fuller (or, more accurately, Fuller's counsel) has had at least <u>eleven</u> opportunities to clearly articulate the legal basis for these particular claims.[4]

---

[4]See First Case, Complaint (ECF No.1) (**1**);  Motion for Leave to File First Amended Complaint (ECF No. 19) (**2**);  Case Management Conference on March 1, 2005 (ECF No. 20) (**3**); Settlement Conference on April 11, 2005 (ECF No. 20) (**4**);  and Teleconference on April 18, 2005 (ECF No. 22), during which Fuller's counsel orally requested to withdraw the motion for leave to file a first amended complaint and stated that she would file a second amended complaint (**5**).  See Second Case, Complaint (ECF No. 1) (**6**);  Briefs in Opposition to Motions to Dismiss (ECF Nos. 23 (**7**), 24)(**8**);  Brief to Show Cause Why Counts 3 and 4 Should Not be Dismissed (ECF No. 25) (**9**); Case Management Conference on February 6, 2007 (ECF No. 37) (**10**); and Reply Brief in Support of Brief to Show Cause (ECF No. 38) (**11**).

Indeed, the Court has granted Plaintiff leave and numerous extensions of time to file briefs and pleadings – affording Plaintiff further opportunities to flesh out his claims.[5] Yet, it is still unclear after all this time what type of constitutional claims Fuller is alleging. In fact, this Court noted in its January 25, 2007 Order, that it was unaware of any claim for deprivation of the constitutional right to "liberty, health, safety, privacy and welfare" alleged in Count 4 that exists separate and apart the due process claim alleged in Count 3, citing *Chandler v. Chagrin Falls*, 2005 U.S. Dist. LEXIS 44615, *18 (N.D. Ohio, 2005) (explaining that plaintiff offered "no factual support for this claim or any argument that it is distinguishable from [plaintiff's other] due process allegations."). (See ECF No. 31, 9 n.3.) Because Fuller has provided no appreciable explanation on the matter,[6] Count 4 is hereby **DISMISSED WITH PREJUDICE**.

Accordingly, only the due process claim alleged in Count 3 remains for the Court's consideration. Even here, however, the Court is uncertain whether Fuller is alleging a procedural due process claim based on his termination as a CMHA employee, or some other type of procedural or substantive due process claim. *Braley v. Pontiac*, 906 F.2d 220, 224 (6th Cir. 1990) (courts have generally analyzed § 1983 actions based on deprivations of due process as falling into two categories: violations of procedural due process and violations of substantive due process). While the Ohio savings statute will "save" claims brought in a second case that are based on allegations set forth in a first case, Fuller has failed to identify a recognized due process

---

[5]Plaintiff never filed a leave-granted second amended complaint in the First Case despite the lapse of more than four months. *See also* Second Case, ECF Nos. 13, 19, 21, 34.

[6]Fuller only argues that Count 4 is a due process claim against all remaining Defendants, while the Count 3 due process claim does not include Defendants Burdyshaw and Harris. (See ECF No. 38, 3.) The Court will construe Count 3 as a due process claim against all defendants.

claim that is based on the allegations in the first case.  Accordingly, Count 3 is hereby **DISMISSED WITH PREJUDICE**.

### IV.

Even if Fuller now asserted that he was bringing a procedural due process claim based on termination from his public employment without notice and a hearing, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985), the claim would be time-barred.  While the instant complaint includes facts about an alleged hearing before Fuller's termination, the complaint in the First Case only alleged that "[a]s a result of the January 3, 200[3] incident, Mr. Fuller was terminated by CMHA on January 11, 2003."[7]  (First Case Comp., 4.)  Since the allegations in the initial complaint were insufficient to put Defendants on notice of a procedural due process claim, the savings statute cannot be used to maintain such a claim today.

On the other hand, if Fuller now asserted that he had a due process claim based on his incarceration for four days without being charged (i.e. deprivation of his liberty without a hearing), that claim would also be time-barred.  The complaint in the First Case says nothing about the conditions or length of Fuller's detention.

Finally, if Fuller asserted a substantive due process claim, that claim would also fail.  Such a claim must be based either on the violation of an explicit constitutional guarantee such as a Fourth Amendment unreasonable seizure, or on behavior by a state actor that shocks

---

[7] The only other references to Fuller's employment in the First Case complaint are as follows: "The CMHA police officers' actions resulted in Mr. Fuller's loss of employment, criminal prosecution, and physical, emotional, and financial injury" (id. at 7:¶ 30); and "CMHA and the CMHA Police employees, police officers and detectives caused Mr. Fuller actual physical, emotional and financial injury, and he was terminated from his nineteen-year [sic] employment with CMHA owing to the charges filed against him" (id. at 9: ¶ 38).  None of these references to Fuller's employment alleges anything about the lack of notice or a hearing.

the conscience. *Braley*, 906 F.2d at 224-25 (citing *Wilson v. Beebe*, 770 F.2d 578, 585-86 (6th Cir. 1985) (en banc) (in turn citing *Hudson v. Palmer*, 468 U.S. 517 (1984) and *Rochin v. California*, 342 U.S. 165 (1952)).  Fuller has separately alleged two Fourth Amendment claims (one for unreasonable search and seizure, and one for excessive force in effectuating that seizure) that the Court has ruled are saved by the Ohio savings statute.  The Court will not, however, construe Fuller's due process claim as one that "shocks the conscience," since the line of cases construing such claims are narrowly circumscribed.

## IV.  CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the remaining Defendants' Motion **(ECF Nos. 11, 15)** as to Counts 3 and 4, which are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

 */s/Dan A. Polster    March 30, 2007*
**Dan Aaron Polster**
**United States District Judge**