UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMIE FULLER, | ) | Case No. 1:06 CV 2093 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER RE: MOTION** |
| CUYAHOGA METROPOLITAN | ) | **OF DEFENDANTS FOR** |
| HOUSING AUTH., et al., | ) | **PARTIAL DISMISSAL OF** |
| | ) | **AMENDED COMPLAINT** |
| Defendants. | ) | |

Before the Court is the Motion of Defendants for Partial Dismissal of Amended Complaint, filed by the Defendants on May 4, 2007 (the "Motion") **(ECF No. 47.)** For the reasons that follow, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Tommy Fuller has been engaged in litigation with named Defendants Cuyahoga Metropolitan Housing Authority ("CMHA"), CMHA Board of Commissioners, CMHA Executive Director George Phillips, CMHA Detective Thomas Burdyshaw, CMHA Police Officer James Harris, CMHA Sgt. Christopher Jakub, CMHA Chief of Police Anthony Jackson in the aftermath of an incident that occurred on January 3, 2003. On February 6, 2007, the Court conducted a Case Management Conference ("CMC") in the above-captioned case, at which all parties and their counsel were present. During the CMC, the Court attempted to

mediate a settlement, but the parties were unable to reach an accord. Thus it was determined that the parties would engage in full-blown discovery, including depositions and document exchange. Accordingly the Court established a Case Management Plan, which provides certain deadlines for the prosecution of the case. Included in the Case Management Plan was an April 30, 2007 deadline to amend pleadings and add parties.

Approximately two weeks <u>before</u> the CMC, the Court had issued a Memorandum of Opinion and Order addressing Defendants' Motion to Dismiss certain claims from Fuller's initial Complaint (the "Complaint".)[1] The Court dismissed with prejudice Fuller's claims in Count IX, and as to Defendant CMHA in Count VI. (ECF No. 31.) The Court held in abeyance its ruling on Counts V, VII, and VIII, pending completion of discovery. (Id.) The Court also ordered Fuller to file a brief showing why two additional claims, Counts III and IV, should not be dismissed as time-barred. (Id.) The parties filed the appropriate briefs, and the Court eventually issued a Memorandum of Opinion and Order on April 2, 2007 dismissing the two additional claims with prejudice. (ECF No. 44.) The Court, on March 30, 2007, denied Fuller's motion for reconsideration on dismissal of Count IX. (ECF No. 43.) Moreover, the Court had previously dismissed with prejudice any and all claims against Defendant George Phillips and Defendant CMHA Board of Commissioners. (ECF Nos. 28, 29.)

To recap, therefore, the only claims and Defendants remaining in the case after the Court's most recent dismissal order were as follows: Count I, a § 1983 excessive force claim, as against all Defendants other than Defendants Phillips and CMHA Board of

---

[1]This case involves at least two documents entitled "Complaint," and two documents entitled "Amended Complaint." All references to the "Complaint" in this Order refer to the document filed on August 30, 2006, ECF No. 1. All references to the "Amended Complaint" in this Order refer to the document filed April 30, 2007, ECF No. 45.

Commissioners (the "Remaining Defendants"); Count II, a § 1983 unreasonable search and seizure claim, as against all Remaining Defendants; Count V, a § 1985 conspiracy claim, as against all Remaining Defendants; Count VI, an intentional infliction of emotional distress claim, as against all Remaining Defendants <u>except</u> Defendant CMHA; Count VII, a negligent hiring and retention claim, as against all Remaining Defendants; Count VIII, a negligent training and supervision claim, as against all Remaining Defendants.

As explained, all other claims and Defendants in the Complaint were previously dismissed <u>with prejudice</u>.

## II. ANALYSIS

On April 30, 2007, Fuller filed an Amended Complaint, presumably in response to the deadline listed in the Case Management Plan. In the Amended Complaint, Fuller takes yet another crack at clearly articulating his § 1983 Due Process claim,[2] revises the factual section of the Complaint, renumbers the Counts after eliminating the previous Count IV (the "Amended Counts"), and rewords the allegations in Amended Counts I, II, IV, and V. Aside from the previous Count IV, Fuller's Amended Complaint alleges all of the Counts from the earlier Complaint, including the Counts dismissed in the Court's myriad dismissal Orders.

While the Court realizes that the Scheduling Order established an April 30, 2007 deadline to amend pleadings and add parties, such an instruction does not constitute a back-door method for Fuller to salvage, by virtue of an Amended Complaint, claims already dismissed with prejudice. <u>Simply put, Fuller can not amend Counts that do not exist</u>. Accordingly, the Court

---

[2]The Court previously noted, in the Order dismissing previous Counts III and IV, that Fuller "had at least eleven opportunities to clearly articulate the legal basis for his [Due Process claim]." (ECF No. 44, 6 n. 4.)

hereby **STRIKES** from Fuller's Amended Complaint the substantive claims and named Defendants previously dismissed, which are as follows: All claims against Defendant George Phillips; all claims against Defendant CMHA Board of Commissioners; Amended Count III (§ 1983 Deprivation of Right to Due Process) as against all Remaining Defendants; Amended Count V (Intentional Infliction of Emotional Distress) as against Defendant CMHA; Amended Count VIII (Malicious Prosecution) as against all Remaining Defendants.  Consequently, Defendants' Motion as to these Amended Counts and Defendants is **DENIED AS MOOT**.

Defendants also move for dismissal of Amended Counts VI (Negligent Training and Supervision) and VII (Negligent Hiring and Retention).  These are claims on which the Court previously held its ruling in abeyance, pending completion of discovery.  (See ECF No. 31, 13.)  Defendants do not represent that discovery has been completed, and the analysis contained in the Court's previous decision on these (now Amended) Counts remains applicable.  Accordingly, Defendants Motion as to Amended Counts VI and VII is **DENIED**.

For the sake of explicit clarity, the Amended Counts remaining in the Amended Complaint, after this Order, are as follows: Amended Count I (§ 1983 Use of Excessive Force) as against all Remaining Defendants; Amended Count II (§ 1983 Unreasonable Search or Seizure) as against all Remaining Defendants; Amended Count IV (§ 1985 Conspiracy) as against all Remaining Defendants; Amended Count V (Intentional Infliction of Emotional Distress) as against the Remaining Defendants except Defendant CMHA; Amended Count VI (Negligent Hiring and Retention) as against all Remaining Defendants; Amended Count VII (Negligent Training and Supervision) as against all Remaining Defendants.

### III.  CONCLUSION

For the reasons provided above, Defendants' Motion for Partial Dismissal of Amended Complaint **(ECF No. 47)** is hereby **DENIED**; all claims against Defendant George Phillips and all claims against Defendant CMHA Board of Commissioners are hereby **STRICKEN** from the Amended Complaint; Amended Count III and Amended Count VIII are hereby **STRICKEN** from the Amended Complaint as against all Remaining Defendants; and Amended Count V is hereby **STRICKEN** from the Amended Complaint as against Defendant CMHA.

**IT IS SO ORDERED.**

 */s/ Dan Aaron Polster    May 8, 2007*
**Dan Aaron Polster**
**United States District Judge**